**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-02417-LTB

**LAWRENCE HARRIS**,

      Plaintiff,

v.

**GORDON P. GALLAGHER**, Judge

      Defendant.

---

## ORDER OF DISMISSAL

---

Plaintiff Lawrence Harris resides in Minneapolis, MN.  On October 13, 2015, he filed a *pro se* complaint against the Honorable Gordon P. Gallgher, United States Magistrate Judge.  Plaintiff has been granted leave to proceed without prepayment of fees and costs pursuant to 28 U.S.C. § 1915 (ECF No. 6).

### A.  Applicable Legal Principles

Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of certain claims.  In this regard, Title 28 of the United States Code, section 1915, establishes the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs.  Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Plaintiff has been granted leave to proceed IFP in this action (ECF No. 6).  Thus,

his Complaint must be reviewed under the authority set forth above.

In reviewing complaints under this statutory provision, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations ... enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]"  *Bell Atlantic Corp.*, 550 U.S. at 555.

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal citations and quotations omitted).  The Circuit court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.' " *Id.*  The Court thus concluded that the applicable standard is "a wide middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Id.*

A legally frivolous claim is one in which the plaintiff asserts the violation of a legal

interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). *See also Conkleton v. Raemisch*, Civil No. No. 14–1271, 603 F. App'x 713 (10th Cir. 2015); *Ross v. Romero*, 191 Fed. App'x 682 (10th Cir. 2006) (affirming district court's *sua sponte* dismissal of civil rights complaint under 28 U.S.C. § 1915(b).

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id. Sua sponte* dismissal is proper when it is patently obvious that plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile. *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotations omitted).

For the reasons stated below, the Complaint and the action will be dismissed pursuant to the screening authority set forth above.

### B. Plaintiff's Allegations and Relevant Procedural History

On November 21, 2014, Plaintiff filed *pro se* a Complaint for money damages in this Court at Civil Action No. 14-3153. The Court reviewed the Complaint and determined it was deficient.

Therefore, on November 21, 2014, Magistrate Judge Gordon P. Gallagher

entered an order (ECF No. 3) directing Mr. Harris to cure a deficiency, *i.e.*, either pay the $400.00 filing fee or submit an Application to Proceed in District Court Without Prepaying Fees or Costs, and to file an amended Prisoner Complaint within thirty days if he wished to pursue his claims.  In that action, Mr. Harris was suing an unnamed federal court judge, apparently because he disagreed with the order of dismissal entered in *Harris v. Tulsa 66ers*, No. 14-cv-02765-LTB (D. Colo. Oct. 16, 2014), which dismissed the action without prejudice for improper venue.  The Court informed Plaintiff that he could not obtain relief against any judicial officer who presided over his lawsuits because he disagrees with their decisions because Judges are entitled to absolute immunity from liability for actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction.

The November 21, 2014 Order directed Mr. Harris to obtain the Court-approved forms for filing an Application to Proceed in District Court Without Prepaying Fees or Costs and a Complaint, along with the applicable instructions, from the Office of the Clerk or at www.cod.uscourts.gov, and to use those forms in curing the designated deficiency and filing an amended Complaint that sued the proper parties, complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and asserted each Defendant's personal participation in the alleged constitutional violations. The November 21, 2014 Order warned Mr. Harris that if he failed to cure the designated deficiency or file an amended Prisoner Complaint as directed within thirty days, the action would be dismissed without further notice.

On December 18, 2014, Mr. Harris submitted an amended Complaint that was not on the Court-approved form he was directed to use in the November 21, 2014

4

Order.  Moreover, he failed to submit an Application to Proceed in District Court Without Prepaying Fees or Costs.

Local Rules 1.2 and 5.1(c) of the Local Rules of Practice - Civil for this Court require litigants to use the Court-approved forms found on the Court's website.  Rule 83(a)(2) of the Federal Rules of Civil Procedure allows a district court to enforce a local rule imposing a form requirement unless it "causes a party to lose any right because of a nonwillful failure to comply."  Fed. R. Civ. P. 83(a)(2).  Mr. Harris made no mention of being unable to obtain the Court-approved forms for filing a Complaint or an Application to Proceed in District Court Without Prepaying Fees or Costs, nor did he ask the Court to mail him the forms because he was unable to obtain them.  Generally, "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."  *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005).

In addition, the United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules.  *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights);

*Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it

was within district court's discretion to dismiss complaint for failure to use proper court

form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court

order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his

ability to refile, based on his repeated refusal to comply with district court order directing

him to file amended complaint on court-approved prisoner complaint form as required

by local district court rule, was not abuse of discretion or constitutional violation); *Maunz*

*v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not

abuse its discretion in dismissing inmate's federal action where inmate failed to file

habeas corpus application on proper form designated by district court); *Daily v.*

*Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's

failure to comply with local rule requiring *pro se* prisoners to use court's forms to file

action was not nonwillful, and inmate's failure to use required form supported dismissal

of action).

Therefore, on January 5, 2015, the amended Complaint and the action were

dismissed.  The Order of Dismissal and Judgment Order were sent to Plaintiff at his

address of record in Denver, Colorado.  On March 2, 2015, the Order of Dismissal and

Judgment Order were returned to the Court as undeliverable.

In this action, Plaintiff again seeks to impose liability against a judicial officer

because he disagrees with the dismissal of his action in Civil No. 14-3153.  Specifically,

he complains that Magistrate Judge Gallagher committed fraud by requiring him to pay

the required filing fee or file a motion to proceed *in forma pauperis* and by requiring him

to use the court-approved forms.

As previously explained to Plaintiff, a judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority...."). Under *Sparkman*, the question is whether the judge performed a "judicial" act or acted "in the clear absence of jurisdiction" by looking to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 362, 98 S.Ct. at 1107. Because Plaintiff alleges that Judge Gallagher engaged in unconstitutional conduct while presiding over his previous civil action, the judge was performing judicial acts and was clothed with absolute judicial immunity.

Given the well-established principle of absolute judicial immunity, and Plaintiff's failure to allege that Judge Gallagher acted in the clear absence of his jurisdiction, this action will be dismissed. Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Harris files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

**ORDERED** that the Complaint (ECF No. 1) and the action are dismissed with prejudice. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this __16th__ day of __November__, 2015.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK
United States District Court, Senior Judge